**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **EDWARD PEDROZA,** | ) | |
| | ) | |
| Plaintiff, | ) | 1:18-cv-00203 |
| | ) | |
| v. | ) | |
| | ) | |
| **EXPERIAN INFORMATION** | ) | |
| **SOLUTIONS, INC., and** | ) | |
| **EQUIFAX INFORMATION** | ) | |
| **SERVICES LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, EDWARD PEDROZA, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. EDWARD PEDROZA, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Commerce City, County of Adams, State of Colorado.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

6. EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter, "Experian"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Colorado, is a citizen of the state of Colorado.

7. At all relevant times Experian was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times Experian was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).c

9. EQUIFAX INFORMATION SERVICES LLC, (hereinafter, "Equifax"), is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Colorado, is a citizen of the state of Colorado.

10. At all relevant times Equifax was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times Equifax was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

12. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

### IV. ALLEGATIONS

### COUNT I: EDWARD PEDROZA v. EXPERIAN INFORMATION SOLUTIONS, INC.

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 of this Complaint as though fully set forth herein.

14. Experian has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

15. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named Synchrony Bank (hereinafter, "Synchrony").

16. Specifically, Plaintiff asserts that Experian is reporting Synchrony Bank accounts to show that Plaintiff is "deceased."

17. Plaintiff is alive and well.

18. Plaintiff is not deceased.

19. Despite the foregoing, Experian has disseminated credit reports and/or other information that Plaintiff is deceased.

20. Not surprisingly, the fact that Experian is reporting Plaintiff as deceased has impeded Plaintiff's ability to obtain new credit.

21. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

22. Credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff has been damaged, and continues to be damaged, in the following ways:

      a.      Denial of attempt to obtain financing;

      b.      Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

      c.      Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

      d.      Decreased credit score which may result in inability to obtain credit on future attempts.

24.    At all times pertinent hereto, Experian was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Experian.

25.    At all times pertinent hereto, the conduct of Experian, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

26.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

      a.      Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

27.    The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, EDWARD PEDROZA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against EXPERIAN INFORMATION SOLUTIONS, INC., as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

### COUNT II: EDWARD PEDROZA v. EQUIFAX INFORMATION SERVICES LLC

28. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 of this Complaint as though fully set forth herein.

29. Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

30. The inaccurate information of which Plaintiff complains are accounts, or trade-lines, named Synchrony Bank (hereinafter, "Synchrony").

31. Specifically, Plaintiff asserts that Equifax is reporting Synchrony Bank accounts to show that Plaintiff is "deceased."

32. Plaintiff is alive and well.

33. Plaintiff is not deceased.

34. Despite the foregoing, Equifax has disseminated credit reports and/or other information that Plaintiff is deceased.

35. Not surprisingly, the fact that Equifax is reporting Plaintiff as deceased has impeded Plaintiff's ability to obtain new credit.

36. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

37. Credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

38. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Denial of attempt to obtain financing;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

   c. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

   d. Decreased credit score which may result in inability to obtain credit on future attempts.

39. At all times pertinent hereto, Equifax was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Equifax.

40. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

41. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

    a.   Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

42. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, EDWARD PEDROZA, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against EQUIFAX INFORMATION SERVICES LLC as follows:

    a.   All actual compensatory damages suffered;

    b.   Statutory damages of $1,000.00;

    c.   Punitive damages;

    d.   Plaintiff's attorneys' fees and costs; and,

    e.   Any other relief deemed appropriate by this Honorable Court.

## V.   JURY DEMAND

43. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**EDWARD PEDROZA**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: January 26, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com